**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:11-cv-66-RLV-DSC**

| | |
|---|---|
| **TASSEL RIDGE WINERY, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **STIPULATED PROTECTIVE ORDER** |
| ) | |
| **WOODMILL WINERY, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| _____ ) | |
| ) | |
| **WOODMILL WINERY, INC.,** ) | |
| ) | |
| **Counterclaimant,** ) | |
| ) | |
| v. ) | |
| ) | |
| **TASSEL RIDGE WINERY, LLC,** ) | |
| ) | |
| **Counterdefendant.** ) | |

The parties, Plaintiff TASSEL RIDGE WINERY, LLC ( "Plaintiff") and Defendant WOODMILL WINERY, INC. ("Defendant"), by and through their respective attorneys, stipulate to entry of this protective order pursuant to F.R.C.P. 26(c). The parties agree to be bound to this Order in order to preserve the confidentiality of information disclosed by any party or non-party witness during this action that may be considered by a party or witness to be confidential, a trade secret, or commercially sensitive.

IT IS HEREBY ORDERED that the following provisions shall govern the handling of confidential information in this action:

1. For purposes of this Order, "Confidential" information means information that the designating party in good faith deems to be confidential, trade secret or commercially sensitive information of the producing party or third parties. Any Confidential information obtained from any party pursuant to discovery in this action shall be used or disclosed only for the purposes of this action and shall not be used for any other reason or purpose whatsoever, and such use or disclosure may be made only as provided herein.

2. Documents or information produced in the course of discovery that the producing party believes in good faith to contain Confidential information within the meaning of this Order shall be designated as Confidential by the producing party at the time of production. Copies of documents or portions thereof deemed to be Confidential shall be specifically identified and marked "CONFIDENTIAL" by the producing party at or before the time of production.

3. All portions of depositions or other transcripts, copies, and documents subsequently created (including motions, affidavits and any documents filed with the Court) that reveal any designated Confidential information shall be considered Confidential information for purposes of this action. Protected Confidential information, and pleadings, briefs or memoranda that reproduce, discuss or paraphrase such information, shall be shall be filed with the Court under seal. The envelopes or containers shall be marked prominently with the following legend:

> CONFIDENTIAL. This envelope contains documents or information that are subject to a protective order or agreement. The confidentiality of the material is to be maintained and the envelope is not to be opened, or the contents revealed to any individual, except by order of the Court.

4. All documents, transcripts, discovery responses and any other materials, objects or

things that are designated pursuant to this Order as comprising or containing Confidential information shall be retained by the receiving party, and any Confidential portions shall be kept confidential and shall be revealed only to and used only by:

  (a) Counsel of record for the parties in this case, together with any firm members, paralegals and support staff working in this action under the direction of counsel;

  (b) Independent experts or consultants who are retained by a party for purposes related to this action but who are not otherwise employees of either party or its attorneys (provided that the disclosing party shall notify counsel for the other party in writing of the name, address, occupation and professional background of the expert or consultant at least ten (10) business days prior to the planned disclosure, and that the party receiving the notice does not object to the disclosure within ten (10) business days of receiving the notice); and

  (c) Any Court personnel involved in this action, its trial, and any appeal therefrom.

5. Any party may apply to the Court for a finding that information designated as Confidential information by another party is in fact not confidential.

6. Any inadvertent disclosure of Confidential information without proper designation shall be remedied as soon as the disclosing party learns of its error by informing the receiving party in writing of the error, and shall not constitute waiver of any right or claim the information as protected upon discovery of the error.  Acceptance by a party or its attorney of information disclosed under designation as protected shall not constitute an admission that the information is, in fact, entitled to protection.

7. Any inadvertent disclosure or production of documents protected by the attorney-

client privilege or work-product protection shall not constitute a waiver of either any available privilege or protection by the disclosing party. In the event that the receiving party discovers that it has received either attorney-client privilege or work-product-protected documents, it shall bring that fact to the attention of the producing party immediately upon that discovery. Upon the request of the producing party, the receiving party shall promptly return any attorney-client privilege or work-product-protected document and any copies which the receiving party may have made thereof to the producing party. Upon the request of the producing party, the receiving party will promptly disclose the names of any individuals who have read or have had access to the attorney-client privilege or work-product-protected document. No such inadvertently produced attorney-client privilege or work-product-protected document may be used in evidence against the producing party. In the event that either party must seek judicial enforcement of this agreement, the costs and reasonable attorney's fees of the party seeking enforcement will be paid by the party against whom such enforcement must be sought, but only in the event that the court finds the existence of a valid privilege and grants enforcement of this agreement by ordering the return and non-evidentiary use of the produced document.

8. Disclosure of information protected under the terms of this Order is intended only to facilitate the prosecution or defense of this action. The recipient of any protected information disclosed in accordance with the terms of this Order is obligated to maintain the confidentiality of the information and shall exercise reasonable care in handling, storing, using or disseminating the information.

9. The provisions of this Order regarding Confidential information shall become binding upon the parties as a stipulation upon execution by counsel, and shall be binding upon the

parties to this civil action and upon their agents, employees, and expert witnesses to whom information designated as Confidential is disclosed. The provision of this Order regarding Confidential information shall continue in full force and effect following termination of this action.

**SO ORDERED.**

Signed: July 25, 2011

David S. Cayer
United States Magistrate Judge

AGREED AND STIPULATED TO:

/s/Alan M. Ruley
ALAN M. RULEY, N.C. State Bar No. 16407
Bell, Davis & Pitt, P.A.
100 North Cherry Street, Suite 600
Post Office Box 21029
Winston-Salem, NC  27120-1029
Telephone: 336/722-1029
Facsimile: 336/722-8153
Attorney for Plaintiff


/s/John D. Dellinger
JOHN D. DELLINGER, N.C. State Bar No. 42391
Mainspring Law, PLLC
3702 Lyons Lane
Alexandria, VA 22302
Telephone: 703/362-0828
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 5:1 I-cv-66

TASSEL RIDGE WINERY, LLC,   ) )
                                                ) )
    Plaintiff and Counter-Defendant,  ) )
                                                )
      v.                                ) )  **STIPULATED PROTECTIVE ORDER**
                                                ))               **AGREEMENT**
WOODMILL WINERY, INC.,

    Defendant and Counterclaimant.

    I have read the attached Stipulated Protective Order dated _____, 2011, and entered in the United States District Court for the Western District of North Carolina in the above entitled action. I understand the terms of the Stipulated Protective Order and agree to be bound by those terms.

    This the \_\_\_\_\_ day of _____, 2011.

                                                               _____

Sworn to and subscribed before me
this \_\_\_\_ day of _____, 2011.

_____
      Notary Public

My Commission Expires:_____